IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONALD JERMAINE JACKSON,**

    **Petitioner,**

v.

**T. LILLARD, Warden FCI Greenville,**

    **Respondent.**

Case No. 3:24-CV-01690-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Ronald Jermaine Jackson's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] (Doc. 1). Jackson is currently incarcerated at the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"), where Respondent Lillard is warden. In his § 2241 Petition, Jackson attempts to challenge the validity of his conviction, which occurred in the United States District Court for the District of Minnesota. *See United States v. Ronald Jermaine Jackson,* 0:19-CR-00185-SRN-KMM-1.[2]

Now, the Court must conduct a preliminary review of the Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives

---

[1] Jackson has filed seven "amended" petitions in this case all asserting slightly altered versions of the same claim and argument. (Docs. 6, 7, 9, 13, 14, 15, 19).

[2] The Court takes judicial notice of Jackson's underlying criminal docket from the United States District Court for the District of Minnesota.

this Court the authority to apply the rules to other habeas corpus cases.

## BACKGROUND

On July 16, 2019, Jackson was indicted in the District of Minnesota for Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951 (Count 1) and Using, Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c) (Count 2). *United States v. Ronald Jermaine Jackson,* 0:19-CR-00185-SRN-KMM-1 at Doc. 1. Following a bench trial, Jackson was found guilty on both counts of the indictment. *Id.* at Doc. 258. On June 24, 2021, Jackson was sentenced to a 141-month term of imprisonment to be followed by three years of supervised release. *Id.* at Doc. 487. Jackson appealed the judgment, but the Eighth Circuit affirmed. *Id.* at Docs. 496, 508, 703, 704.

Following his appeal, in July 2023, Jackson filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which was denied. *Id.* at Docs. 760, 785. The Eighth Circuit subsequently denied his request to file a successive § 2255 Motion in July 2024. *Id.* at Docs. 799, 814. Jackson then filed four habeas corpus petitions pursuant to 28 U.S.C. § 2241 challenging his criminal proceedings, conviction, and sentence within this District, including the instant petition. The other habeas corpus petitions filed by Jackson in this District were dismissed on preliminary review.[3]

Here, Jackson's arguments mirror those raised in his other petitions. Specifically, Jackson claims that his conviction violates the Constitution because the trial court convicted him of offenses different from those outlined in the indictment against him, which rendered

---

[3] The earlier cases filed by Jackson in this District are *Jackson v. Lillard*, No. 24-cv-01151-SPM (S.D. Ill. Apr. 22, 2024), *Jackson v. Lillard*, No. 24-cv-01225-SMY (S.D. Ill. May 6, 2024), and *Jackson v. Lillard*, No. 24-cv-01539-JPG (S.D. Ill. June 20, 2024).

the indictment null and stripped the trial court of jurisdiction. (Doc. 1). His numerous motions for expedited hearing, immediate release, and preliminary injunction also rely on the same arguments. (Docs. 8, 10, 11, 12, 16, 17, 18, 20).

## LEGAL STANDARD

Petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise challenges to the validity of a conviction or sentence; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). But habeas corpus can be the correct remedy when a federal prisoner attacks the fact or length of his confinement on the basis of something that happened *after* conviction and sentencing. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Generally, to collaterally attack a conviction or sentence, a federal prisoner must file a motion to vacate under 28 U.S.C. § 2255, not a petition for writ of habeas corpus under 28 U.S.C. § 2241. *Hogsett v. Lillard*, 72 F. 4th 819, 820 (7th Cir. 2023).

Under 28 U.S.C. § 2255(h), successive motions to vacate are permissible in two specific circumstances related to newly discovered evidence and new rules of constitutional law made retroactive to cases on collateral review by the Supreme Court. Within the so-called saving clause of § 2255(e), an application for writ of habeas corpus may be brought by a federal prisoner who previously filed a § 2255 motion when the remedy by such motion is inadequate or ineffective to test the legality of his detention. *Hogsett*, 72 F. 4th at 821. The Supreme Court held in *Jones v. Hendrix* that "the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." 599 U.S. 465, 478 (2023).

The *Jones* Court explained that allowing a collateral attack to proceed within a § 2241

petition in any other circumstance would effectively authorize an end-run around § 2255(h)'s limitations on successive collateral attacks. *Id.* at 477. In support of this notion, the Court drew a "straightforward negative inference" from the limitation in § 2255(h) that no other successive collateral attacks on a federal sentence are allowed other than those related to newly discovered evidence or new and retroactive rules of constitutional law—full stop. *Id.* at 477-78.

## DISCUSSION

Simply put, Jackson cannot use § 2241 to collaterally attack his conviction or challenge his sentence. From what the Court can understand of Jackson's arguments, he raises issues with his indictment, the trial court's jurisdiction, and the ultimate validity of his conviction based on substantive and procedural errors in his underlying criminal case. Even if he sought to file a successive § 2255 motion, Jackson does not claim to have newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense. *See* 28 U.S.C. § 2255(h)(1). Nor does he argue that a new rule of constitutional law applies that was previously unavailable and made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2255(h)(2). Jackson's arguments do not fall within the ambit of § 2255(h), and he has already filed a § 2255 motion. He cannot now end-run § 2255(h)'s limitations on successive collateral attacks by attempting to do so under § 2241. Furthermore, the saving clause in § 2255(e) does not preserve his access to recourse through § 2241, because he does not face any unusual circumstance making it impossible or impracticable to seek relief in the sentencing court.

As such, Jackson's Petition does not survive preliminary review and must be

dismissed.

The Court also sees fit to address Jackson's numerous and repetitive § 2241 filings within this District. Notably, the claims presented in Jackson's Petition are virtually identical to the claims presented in two of his earlier § 2241 petitions: *Jackson v. Lillard*, No. 24-cv-01225-SMY (S.D. Ill. May 6, 2024), and *Jackson v. Lillard*, No. 24-cv-01539-JPG (S.D. Ill. June 20, 2024). Each of his prior petitions have been dismissed as not cognizable under § 2241, procedurally improper, and lacking merit. These repetitive petitions require significant judicial time and resources, which impedes the Court's ability to adjudicate the legitimate claims of other litigants. As such, Jackson is **WARNED** that he must refrain from filing any further duplicative petitions or frivolous actions in this Court. His failure to so refrain may result in the imposition of sanctions consistent with *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997). In *Alexander*, the Seventh Circuit imposed a monetary sanction and an order that future filings by the petitioner would be deemed rejected on the 30th day unless the Court entered an order otherwise. *Alexander*, 121 F.3d at 315-16. To impose these sanctions, the Seventh Circuit rested on the principle that courts have "inherent powers to protect themselves from vexatious litigation." *Id*. at 316 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

## Conclusion

The Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus filed by Petitioner Ronald Jermaine Jackson (Doc. 1) is **DISMISSED without prejudice**. All other pending motions are **DENIED as moot.** Jackson is **WARNED** against filing other frivolous actions or duplicative petitions in this Court. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

**NOTICE**

It is not necessary for a petitioner to obtain a certificate of appealability from the disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Jackson wishes to appeal the dismissal of this action, he must file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). Jackson must list each issue he intends to appeal in the notice of appeal and in his motion for leave to appeal *in forma pauperis*, if he chooses to file one. *See* FED. R. APP. P. 24(a)(1)(C). If Jackson chooses to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

**IT IS SO ORDERED.**

DATED:   October 24, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**